1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CARLOS JIMENEZ,                          CASE NO. 1:08-cv-01419-SMS PC

10              Plaintiff,                   ORDER REQUIRING PLAINTIFF TO EITHER
                                            FILE AMENDED COMPLAINT OR NOTIFY
11      v.                                  COURT OF WILLINGNESS TO PROCEED
                                            ONLY   ON   CLAIM   FOUND   TO   BE
12  MARTHA SPAETH,                          COGNIZABLE

13              Defendant.                  (Doc. 11)
    _____/

14

15                              **Screening Order**

16      Plaintiff Carlos Jimenez is a state prisoner, proceeding *pro se* and in *forma pauperis* in

17  this civil rights action pursuant to 42 U.S.C. § 1983 and California negligence law.  Plaintiff filed

18  his first amended complaint on December 11. 2008.[1]

19  **I.    Screening Requirement.**

20      The court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  ///

27  _____

28      [1] Plaintiff amended his complaint to correct a procedural deficiency.  His complaint has not been
    previously screened.

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of
6  the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a
7  statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, supra, 534 U.S. at 512. Detailed factual allegations
9  are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by
10 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937,
11 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must
12 set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"
13 Iqbal, supra, 129 S.Ct. at 1949, quoting Twombly, supra, 550 U.S. at 555. While factual
14 allegations are accepted as true, legal conclusions are not. Ibid.

15      Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to
16 relief above the speculative level." Id. at 555 (citations omitted). A plaintiff must set forth "the
17 grounds of his entitlement to relief," which "requires more than labels and conclusions, and a
18 formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks
19 and citations omitted). To adequately state a claim against a defendant, plaintiff must set forth the
20 legal and factual basis for his claim.

21      In screening a complaint, a court may dismiss a complaint only if it is clear that no relief
22 could be granted under any set of facts that could be proved consistent with the allegations. Id. at
23 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is
24 entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings
25 that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d
26 750, 755 (9th Cir. 2003), quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Austin v.
27 Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing
28 party on notice of the claim . . . .'"), quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

1   2001).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

2   allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a

3   civil rights complaint may not supply essential elements of the claim that were not initially pled."

4   Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of

5   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6   **II.     Plaintiff's Claim**

7        **A.     Factual Background**

8        Plaintiff, presently an inmate at California State Prison, Corcoran ("CSPC"), fell while

9   attempting to descend from his upper bunk at Kern Valley State Prison ("KVSP"), striking the

10  back of his head and his neck on a desk.  Plaintiff immediately experienced severe pain and

11  weakness in his neck and was taken to the KVSP medical unit where he was initially examined by

12  Nurse Campos at approximately 0300 hours.  Defendant, Dr. Martha Spaeth, examined plaintiff at

13  0835 hours, observing swelling of the back of plaintiff's neck.  Plaintiff advised her that he was in

14  severe pain, experiencing tingling in his finger tips, weakness in his neck, and jolts of intense pain

15  whenever he moved his neck.  Defendant refused to take x-rays, informing plaintiff that if his

16  neck were broken, he would be in much more severe pain.  Pronouncing plaintiff's neck "fine"

17  and opining that the pain would subside on its own, defendant directed correctional officers to

18  return plaintiff to his cell.  Defendant prescribed no pain medication.

19       For two days, plaintiff endured severe pain whenever he attempted such typical daily

20  activities such as using the restroom or attempting to sleep or eat.  After numerous requests for

21  medical care and pain medication, plaintiff saw Dr. Lopez, who immediately transferred plaintiff

22  to Kern Medical Center in Bakersfield where Dr. Wrobel diagnosed a cervical spine fracture

23  requiring emergency surgery to remove a damaged disc and stabilize plaintiff's spine.

24       **B.     Eighth Amendment Claim – Deliberate Indifference to Serious Medical Needs
              (Infliction of Pain)**

25

26       Plaintiff contends that by failing to prescribe pain killers and allowing him to suffer great

26  pain, defendant demonstrated deliberate indifference to plaintiff's serious medical needs

27  constituting cruel and unusual punishment in violation of the Eighth Amendment to the U.S.

28  Constitution.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, *quoting* McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (*internal quotations omitted*). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Ibid. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Ibid. (*internal quotations omitted*). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. McGuckin, *supra*,  974 F.2d at 1060, *citing* Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004), *quoting* Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*).

"Deliberate indifference is a high legal standard." Toguchi, *supra*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057, *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994). A

4

1  prison official does not act in a deliberately indifferent manner unless the official "knows of and

2  disregards an excessive risk to inmate health or safety." _Farmer_, *supra*, 511 U.S. at 834.

3  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally

4  interfere with medical treatment," or in the manner "in which prison physicians provide medical

5  care." _McGuckin_, *supra*, 974 F.2d at 1059.

6       Plaintiff's allegations are sufficient to state a cause of action against defendant for

7  deliberate indifference to serious medical need resulting in the necessary and wanton infliction of

8  pain.  The complaint is unclear with regard to any aggravation of plaintiff's medical condition

9  resulting from the delay in treatment of his broken neck.  If plaintiff intends to allege further

10  significant injury from the treatment delay, he must amend his complaint to more completely

11  allege the further injuries that resulted from the delay.

12      **C.**    **Eighth Amendment Claim – Deliberate Indifference to Serious Medical Needs**
           **(Malpractice)**

13

14       Plaintiff further contends that defendant's failure to diagnose and treat his broken neck

    constituted malpractice violative of the Eighth Amendment.

15       Medical malpractice is a tort of negligence.   "[A] complaint that a physician has been

16  negligent in diagnosing or treating a medical condition does not state a valid claim of medical

17  mistreatment under the Eighth Amendment.  Medical malpractice does not become a

18  constitutional violation merely because the victim is a prisoner." _Estelle_, *supra*, 429 U.S. at 106.

19  *See also* _Jett_, *supra*, 439 F.3d at 1096; _Toguchi_, *supra*, 391 F.3d at 1057, 1060 (stating that

20  "[d]eliberate indifference is a high legal standard."); _Clement v. Gomez_, 298 F.3d 898, 904-05 (9th

21  Cir. 2002); _Lopez v. Smith_, 203 F.3d 1122, 1131 (9th Cir. 200) (en banc); _Frost v. Agnos_, 152

22  F.3d 1124, 1130 (9th Cir. 1998); _Anderson v. County of Kern_, 45 F.3d 1310, 1316 (9th Cir.

23  1997)(en banc); _McGuckin_, *supra*, 974 F.2d at 1059;  _Hutchinson v. United States_, 838 F.2d 390,

24  394 (9th Cir. 1998); _Toussaint v. McCarthy_, 801 F.2d 1080, 1113 (9th Cir. 1986), *cert. denied*, 481

25  U.S. 1069 (1987), *abrogated on other grounds by* _Sandin v. Connor_, 515 U.S. 472 (1995).  Even

26  gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See*

27  _Toguchi_, *supra*, 391 F.3d at 1060.

28  ///

1    To the extent that plaintiff's claims sound in medical malpractice, they do not state an

2 Eighth Amendment claim for deliberate indifference to serious medical need upon which relief can

3 be granted.

4    **D.    State Claims**

5    Plaintiff's allegations of malpractice potentially state a negligence claim under California

6 state law.  Section 1983 does not provide a cause of action for violations of state law.  *See*

7 Weilburg v. Shapiro, 488 F.3d 1202, 1207 (9th Cir. 2007)*;* Galen v. County of Los Angeles, 477

8 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada

9 County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified School Dist., 90 F.3d

10 367, 370 (9th Cir. 1996); Draper v. Coombs, 792 F.2d 915, 921 (9th Cir. 1986); Ybarra v. Bastian,

11 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a),

12 however, in any civil action in which the district court has original jurisdiction, the district court

13 "shall have supplemental jurisdiction over all other claims in the action within such original

14 jurisdiction that they form part of the same case or controversy under Article III," except as

15 provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of

16 supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v. Varian

17 Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

18    Since defendant is a state employee, any tort action against her must proceed pursuant to

19 the California Tort Claims Act (Cal. Gov't Code §810 *et seq.*).  Provided that he has satisfied all

20 requirements precedent to an action under the Act, plaintiff's malpractice claims would be

21 cognizable by this court under its supplementary jurisdiction.  Whether the public employee acted

22 with due care is a question of material fact.  Ogborn v. City of Lancaster, 124 Cal.Rptr.2d 238, 248

23 (Cal. Ct. App. 2002).  Accordingly, to pursue a malpractice claim under the California Tort Claims

24 Act, plaintiff must amend his complaint to set forth allegations of all elements of malpractice and

25 to include allegations indicating that he has satisfied all requirements, including notice

26 requirements, necessary to bring a malpractice action under California law.

27 ///

28 ///

1    **E.      Injunctive Relief**

2        Among the relief that plaintiff seeks is an injunction ordering therapy and additional

3    diagnostic testing and treatment. His request presents several problems.  First, the complaint

4    includes no allegations regarding a need for therapy or for additional diagnosis or treatment.  If

5    plaintiff intends to seek an injunction, he must amend his complaint to include such allegations.

6        More importantly, plaintiff has been transferred from KVSP to CSPC.  Spaeth, the only

7    defendant in this action, is unlikely to be a physician at CSPC with the ability to provide therapy or

8    medical care.  Plaintiff's complaint names no appropriate defendant at CSPC. The court is unable

9    to issue an order against entities which are not parties to a suit pending before it.  Zenith Radio

10   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

11       Plaintiff has not stated a claim for which the court can provide the requested injunctive

12   relief.

13   **III.    Conclusion and Order**

14       Plaintiff's complaint states a claim under the Eighth Amendment against defendant for

15   deliberate indifference to serious medical needs resulting in the unnecessary and wanton infliction

16   of pain.  If he also intends to claim that his injury was aggravated by the delay in treatment,

17   however, he must more fully allege the aggravated injuries resulting from the delay.  In addition,

18   Plaintiff's malpractice claim is not cognizable as a constitutional violation but may constitute a

19   valid state tort claim provided plaintiff fully alleges the elements of the tort and compliance with

20   all requirements, including notice requirements, necessary to bring a malpractice claim under

21   California law.  Finally, the complaint does not include any claim for which the court can provide

22   the requested injunctive relief.

23       This court will provide plaintiff with the opportunity to file an amended complaint curing

24   the deficiency identified in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

25   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

26   complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

27       If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

28   on his Eighth Amendment claim against defendant for deliberate indifference to serious medical

need leading to infliction of severe pain, plaintiff may so notify the court in writing, and the court will issue a recommendation for dismissal from this action of plaintiff's other claims.  The court will then forward to plaintiff a summons and USM-285 form for completion and return.  Upon receipt of the completed forms, the court will direct the United States Marshal to initiate service of process on defendant.

If plaintiff elects to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, supra,  814 F.2d at 567; accord Forsyth, supra, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint fails to state a cause of action against defendant Spaeth;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

     a.      File an amended complaint curing the deficiencies identified by the court in this order, or

     b.      Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Spaeth on his Eighth Amendment claim of deliberate indifference to serious medical needs resulting in the necessary and wanton infliction of pain;

4.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     August 20, 2009               /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE