# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JIMINEZ, | Case No. 1:08-cv-01419-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| DR. M. SPAETH, | (Doc. 48) |
| Defendant. | FOURTEEN-DAY OBJECTION DEADLINE |
| _____ / | |

## I.  Procedural History

Plaintiff Carlos Jimenez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2008. This action is proceeding on Plaintiff's second amended complaint ("complaint") against Defendant Spaeth ("Defendant") for violation of the Eighth Amendment arising out of allegedly inadequate medical care at Kern Valley State Prison. 28 U.S.C. § 1915A. Plaintiff alleged in his complaint that on September 19, 2007, he fell and injured his neck while descending from his bunk and Defendant failed to provide medical care for his injury, leaving him to suffer severe pain until he received medical care from another physician on September 21, 2007, at which time he was diagnosed with a cervical spine fracture and transported to an outside facility for surgery.

On September 17, 2012, Defendant filed a motion for summary judgment. Plaintiff, by then represented by counsel, opposed the motion on October 9, 2012, and Defendant filed a reply

on October 11, 2012.[1]  The motion was submitted upon the record in the absence of a need for oral argument.  Local Rule 230(g).

## II. Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, she need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendant meets her initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine

---

[1] A notice of representation by counsel was filed on May 10, 2010.  (Doc. 26.)

issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial. *Aloe Vera of America, Inc. v. U.S.*, 699 F.3d 1153, 1165 (9th Cir. 2012) (citing *Anderson*, 477 U.S. at 249).

**III.    Discussion**

    **A.    Defendant's Position**[2]

On September 19, 2007, Defendant Marta Spaeth was a physician at Kern Valley State Prison. Plaintiff, who was incarcerated there, was first seen by a nurse after he reportedly fell on the back of his neck. The nurse noted pain on the back of Plaintiff's neck when it was touched.

Defendant examined Plaintiff and found him to be alert and not in respiratory distress.[3] There was no swelling in the neck or scalp, but light erythema where the neck met the occiput. Defendant's impression was cervical pain, but Plaintiff complained of coldness and weakness rather than pain. Defendant ordered a C-spine x-ray stat, which means immediate, and she expected the x-ray to be taken within a matter of hours.

A nurse, who is supposed to carry out the order, noted the order five minutes later, at 8:40. Defendant later learned that the x-ray technician, John Williams, scheduled Plaintiff for a routine x-ray, which occurred two days later.

Based on her experience, Defendant believed that after she ordered an x-ray stat, Plaintiff would receive one immediately, but based on the prison's current treatment practice, Defendant was not responsible for seeing that Plaintiff received the x-ray stat and she was not responsible for seeing that Plaintiff received further treatment.

Defendant denies refusing to provide care or treatment to Plaintiff and she denies refusing to order an x-ray for Plaintiff, as he alleged in his complaint. Defendant attests that she used her best medical judgment to diagnose and treat Plaintiff, and she neither disregarded a significant risk

---

[2] Summarized from Defendant's statement of undisputed facts 1-19, doc. 48-2.

[3] Defendant omitted the word "no" or "not" in her statement of undisputed facts and memorandum of points and authorities, which the Court treats as an error given her deposition testimony that Plaintiff was *not* in respiratory distress and the absence of any contrary evidence. (Depo. Tx. 25:15-16.)

of further injury or pain to Plaintiff nor knowingly or intentionally caused Plaintiff to suffer pain or injury. In Defendant's medical opinion, Plaintiff did not suffer any further damage or injury from waiting two days for the x-ray.

### B. Plaintiff's Position[4]

On September 19, 2007, Plaintiff, an inmate at Kern Valley State Prison, slipped and fell while descending from his bunk, striking the back of his head and neck. At the time, Defendant was the Chief Physician and Surgeon at Kern Valley State Prison.

Defendant examined Plaintiff following his fall and ordered a C-spine x-ray stat. However, Defendant failed to follow up on Plaintiff's care and she later learned that the x-ray technician failed to follow her order and instead scheduled the x-ray for two days later. Plaintiff received no further medical treatment for two days, at which time x-rays were taken and he was immediately taken to the hospital for surgery.

Although Defendant did not refuse to provide care or treatment, she ignored Plaintiff's complaints of pain and failed to follow up to ensure her order was followed. As a result of Defendant's failure to ensure Plaintiff received proper care, Plaintiff suffered prolonged pain for two days.

### C. Legal Standard

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

---

[4] Summarized from Plaintiff's separate statement of undisputed facts 1-11, doc. 51.

4

while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, an inmate must demonstrate deliberate indifference to a substantial risk of harm to his health or safety. *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096) (internal quotation marks omitted).

**D.** **Findings**

**1.** **Failure to Ensure Compliance with X-ray Order**

Although Plaintiff alleged in his complaint that Defendant refused to take x-rays and disregarded signs of a broken neck and nerve damage, there is no dispute that on September 19, 2007, Defendant examined Plaintiff after his fall and ordered a C-spine x-ray stat, which meant immediate and should have occurred within hours. Defendant was not aware at the time that her order for an x-ray stat was changed to routine by the x-ray technician and did not occur until two days later.

5

Plaintiff argues, however, that Defendant was obligated to ensure her order was followed and she failed to do so, and that the dispute concerning her obligation to do so presents a triable issue of fact precluding summary judgment.

Liability may not be imposed on Defendant under a theory of *respondeat superior*; she may only be held liable for violating Plaintiff's rights under the Eighth Amendment if she knowingly disregarded a substantial risk of harm to Plaintiff's health or if she turned a blind eye to the deliberate indifference of subordinate employees. *Snow*, 681 F.3d 989; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Jett*, 439 F.3d at 1098. There must be some culpable conduct directly attributable to Defendant. *Starr*, 652 F.3d at 1205.

In this instance, there is no evidence that Defendant acted with deliberate indifference toward Plaintiff's injury or that she knew of but turned a blind eye to the deliberate indifference of subordinates. It is undisputed that Defendant only later learned that her order had been designated routine by the x-ray technician and although Plaintiff argues there is a dispute over whether Defendant had an obligation to ensure her orders were carried out, Defendant testified that nurses note doctors' orders and carry them out, she was not responsible for seeing that the x-ray occurred, and she was not responsible for seeing that Plaintiff received further treatment after she examined him and ordered the x-ray. (Depo Tx., 27:19-28:18; 47:11-48:2.)

Plaintiff fails to bring that testimony into dispute; Plaintiff does not cite to any evidence in support of his argument that Defendant had a duty to follow up on the x-ray and argument itself does not constitute evidence. *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987). Furthermore, even if Plaintiff had shown some breach of duty, the Eighth Amendment is violated not through negligence but through a purposeful act or failure to act which causes harm. *Wilhelm*, 680 F.3d at 1122. Given the absence of evidence that Defendant acted with deliberate indifference following her order for an x-ray stat, Defendant is entitled to judgment.

### 2. **Failure to Treat Pain**

Finally, the nurse noted Plaintiff's complaint of pain and Defendant's impression was cervical pain. Although there is no evidence that Plaintiff's neck injury was aggravated by the two

day delay, the needless suffering of pain may be sufficient to demonstrate further harm. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). However, a difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference, and here there is no evidence that Defendant's chosen of course of treatment, which was to order an x-ray stat, was medically unacceptable under the circumstances and she chose this course in conscious disregard of an excessive risk to Plaintiff's health.[5] *Snow*, 681 F.3d at 987-88 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)) (quotation marks omitted). Defendant was not aware that Plaintiff waited for two days before receiving the x-ray and based on her order, she anticipated it would be conducted within a matter of hours. In the absence of any evidence that it was medically unacceptable for Defendant to have confined the initial course of treatment to an x-ray which should have occurred within a matter of hours, Plaintiff has not shown deliberate indifference with respect to his complaint of pain. *Id.*

**IV.     Recommendation**

In conclusion, there is no evidence that Defendant acted with deliberate indifference toward Plaintiff on September 19, 2007, and Defendant is entitled to judgment as a matter of law. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment, filed on September 17, 2012, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

///

///

---

[5] Plaintiff does not argue that this case involves a disagreement with the course of treatment and he instead confines his argument to Defendant's failure to ensure that her orders were followed. (Doc. 49, Memo. of Pts. & Auth., 4:18-22 & 5:13-21.) However, Plaintiff alleged in his complaint that he was left in pain and his statement of undisputed facts includes the proffered fact that Defendant ignored his complaints of pain. (Doc. 24, 2nd Amend. Comp., pp. 4-5; Doc. 51, Stmt. of Undisp. Facts, #10.)

failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 31, 2013** /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE